ALPHEUS A. PENDLETON *vs.* O. W. POLAND.

Knox.   Opinion May 5, 1914.

*Conditional Sale.   Lease.   Replevin.   Sale.   Title.*

No agreement that personal property, bargained and delivered to another shall remain the property of the seller till paid for, is valid, unless the same is in writing and signed by the person to be bound thereby.

On motion and exceptions by plaintiff.   Motion and exceptions overruled.

This is an action of replevin in which the following goods and chattels were replevied, to wit:   One No. 3 Keystone Non-Fraction Well Drilling Machine and equipment belonging thereto, of the value of six hundred dollars, belonging to the plaintiff, taken and detained by the defendant.   The plaintiff, on May 21, 1907, leased to the defendant the above named well drilling machine by written lease.   The defendant agreed to pay as rental one dollar for each foot drilled by the machine and to redeliver the machine to plaintiff within five days after being notified.   At the same time, the plaintiff gave the defendant a written option to purchase said machine for the sum of nine hundred dollars.   The defendant was to pay three hundred dollars in cash when the offer was accepted and the rental paid to that time to be credited on purchase price and the balance in monthly payments, with interest.   December 4, 1909, the defendant made to plaintiff a proposition for purchasing said machine on similar terms, which the plaintiff declined, and replevied the machine.   The defendant pleaded the general issue, and by way of brief statement claimed that the goods and chattels in the declaration mentioned at the time the same were replevied were the property of said defendant and not the property of the plaintiff.   The jury returned a verdict for the defendant.   The plaintiff excepted to certain rulings by the presiding Justice and filed a general motion for a new trial.

The case is stated in the opinion.

*A. S. Littlefield,* for plaintiff.

*B. F. Maher,* for defendant.

SITTING: SPEAR, KING, HALEY, HANSON, PHILBROOK, JJ.

SPEAR, J.  This case comes to the Law Court upon motion and exceptions.

The facts show that on May 21, 1907, the plaintiff leased to the defendant a well drilling machine by written lease.  The defendant agreed to pay as rental one dollar for each foot drilled by the machine, and to redeliver the machine to the plaintiff within five days after being notified to do so.  At the same time the plaintiff gave to the defendant a written option to purchase the machine in the form of a letter, which offered to sell to the defendant the machine at any time while it was in his possession for the sum of nine hundred dollars, $300 in cash when the offer was accepted; the rentals paid to that time to be credited on the purchase price and the balance in monthly payments with interest; the machine to remain in the plaintiff until paid for.

On December 4th, 1909, the defendant made to the plaintiff a proposition for purchasing the machine on similar terms but with a variation in the conditions, and in that providing, "you will still own the machine till it is paid for."  The plaintiff declined this proposition, and replevied the machine in November, 1910, on the strength of the original lease, that the title remained in him.  On the other hand, the defendant claims that in February, 1910, the plaintiff made him a new and distinct oral offer to sell the machine, which he accepted; that this offer was without condition; that pursuant to it the defendant paid the plaintiff on the 30th day of May, 1910, $300.00, and thereby became the absolute owner of the machine with a very small balance due the plaintiff.

The plaintiff denies the sale of the machine of February 10 and the payment of $300.00 on May 30, as claimed by the defendant, and asserts that the original contract of sale controls the title of the machine, and by that contract the title remained in him until it was paid for.  The plaintiff does not contend that any agreement in writing to this effect, was signed by the defendant.  Accordingly,

upon the contention of the plaintiff, that the title of the machine remained in him, by virtue of the letter in which he said the title was to remain in him until paid for, the court ruled as follows: "Now the interpretation of a writing, a letter, the legal consequences that flow from the words in the letter, are matters of law for the court to determine. And although Mr. Pendleton in his letter, in his first proposition, which he said was the one that was finally accepted, in a way, that is, accepted if the money was paid in February, 1910,—I say, that although in that letter he stated that the machine was to be his until fully paid for, that last provision was not lawful—was not in force.. We have a statute in this state which provides that no agreement that personal property, bargained and delivered to another, shall remain the property of the seller till paid for is valid unless the same is in writing, and signed by the person to be bound thereby. This letter is signed by Mr. Pendleton. In order to make that a valid agreement, it would. be necessary to have that agreement signed by the defendant, who would be the party to be bound by that agreement. So that any of the talk in either of the propositions with regard to that particular feature, that the machine was to remain the property of Mr. Pendleton until paid for is not effective in this case, the second one, the proposition of the defendant, because it was rejected, the first one because it was not signed by the defendant. So you will have no occasion to consider that as a part of the case."

While the exceptions are not necessarily involved in the decision of the case, it is nevertheless the opinion of the court that the ruling of the presiding Justice was correct. The clause in the letter, claimed as evidence of title in the plaintiff, was eliminated by R. S., chapter 113, section 5, as stated by the court.

But we think the verdict of the jury upon the facts determines the rights of these parties. From a careful reading of the evidence, we are unable to say that the jury erred in arriving at the conclusion, that in February, 1910, the plaintiff and defendant made a new oral agreement, which was consummated by the payment of $300.00 on May 10th following, and succeeded all previous contracts for the sale and purchase of this machine. While the evidence which is relied upon to establish this transaction is capable of an analysis, in the light of all the facts and circumstances, that

will reasonably support the contention of either side, we yet do not feel authorized to say that the verdict, if the jury believed the testimony of the defendant, comes within the rule which requires it to be disturbed. Nor do we think that the verdict was so inherently wrong, or inconsistent with the probabilities and circumstances, as to require condemnation at our hands. It was purely a question of fact for the consideration of the jury, and their determination must stand.

*Motion and exceptions overruled.*